# NORTHERN DEPARTMENT.
## WESTERN DIVISION.

T. J. R. PERRY *et al.* v. J. B. HOGAN, *Sheriff of Trego County, Kansas, et al.*

### No. 1.

1. UNORGANIZED COUNTY — *county to which attached may levy taxes in, for all purposes not expressly prohibited.* As, during the year 1888, Wallace County was unorganized and was attached to the county of Trego for judicial purposes, constituting a municipal township thereof, Trego County was authorized, under paragraph 1610, General Statutes of 1889, to levy taxes upon the property in such unorganized county for all purposes not expressly prohibited by said act.

2. LEVY OF TAX WARRANT — *petition to enjoin sale not averring to contrary, presumed made in county where warrant issued.* In an action, brought by residents of said unorganized county to restrain the collection of taxes assessed and levied upon their property by said county of Trego, it is incumbent upon them to show that the taxes so levied were prohibited by said act or were otherwise illegal. And where it is claimed in such action that the Sheriff of Trego County is unauthorized to sell property of such residents, seized by him under a tax warrant issued by the treasurer of said county, for the reason that said unorganized territory has become organized as the county of Wallace subsequently to the assessment and levy of such tax but prior to the date of the seizure, they must show that the property, when seized, was not within the county of Trego.

Error from Trego District Court. Hon. S. J. Osborn, Judge. Opinion filed December 4, 1896. *Affirmed.*

During the year 1888 Wallace County was attached to Trego County for judicial purposes and became a municipal township thereof. In that year the officials of Trego County levied a tax upon the property of the

plaintiffs in error who were residents of Wallace County. Wallace County was organized and became a county of the State of Kansas January 5, 1889. January 15, 1889, the treasurer of Trego County issued a tax warrant, directed to the Sheriff of the same county, for the collection of the tax. Under this warrant the Sheriff of Trego County seized certain property of the plaintiffs in error and advertised it for sale. The plaintiffs in error then sought, in the District Court of Trego County, to enjoin the impending sale, contending that, as Wallace County had become an organized county prior to the issuing of the tax warrant, such warrant should have been directed to the sheriff of Wallace, and not to the Sheriff of Trego County. A temporary order was granted, but afterwards, on motion of the defendants, dissolved. Complaint of this ruling is made in this court.

*David Rathborn*, for plaintiffs in error.
*J. A. Nelson*, for defendants in error.

GILKESON, P. J.   The tax, the collection of which is sought to be restrained, was levied for the year 1888 ; and it is admitted by the plaintiffs that up to January 5, 1889, Wallace County was unorganized, and was attached to, and formed a municipal township of, Trego County.

Under paragraph 1610, General Statutes of 1889, Trego County was authorized to levy taxes on the property therein for all purposes except such as are, by the terms of the act, prohibited ; and it is nowhere alleged that these taxes were of, or belonged to, the prohibited class. They were, therefore, presumably at least, legally assessed for the year 1888, on property in this unorganized territory as a muni-

cipal township of Trego County. This being true, they should be collected; and it was proper for the treasurer of Trego County to collect them by issuing his warrant.

If the property was in Wallace County at the time. of seizure by the Sheriff, and Wallace County had become organized prior to that seizure, the treasurer should have issued his warrant to the sheriff of that county. But the petition fails to allege where the property was when seized, and it certainly does not allege that it was not seized in Trego County. Upon the plaintiffs' own theory of the case, they should show this fact, for it will be presumed that the Sheriff proceeded legally, and that the property was in his jurisdiction. Hence the petition failed to state facts sufficient to authorize the relief prayed for.

The judgment of the court below will be affirmed.